Toby L. Gerber
State Bar No. 07813700
Theodore W. Daniel
State Bar No. 05362400
John N. Schwartz
State Bar No. 00797397
FULBRIGHT & JAWORSKI, L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

ATTORNEYS FOR CREDIT UNION LIQUIDITY SERVICES, LLC
F/K/A TEXANS COMMERCIAL CAPITAL, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: § | | |
| § | **Case No. 10-36441-SGJ-11** | |
| WEBB MCCANN SOWDEN, III, § | | |
| § | **Chapter 11** | |
| Debtor. § | | |

_____

| | |
|---|---|
| **CREDIT UNION LIQUIDITY** § | |
| **SERVICES, LLC F/K/A TEXANS** § | |
| **COMMERCIAL CAPITAL, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **Adversary Proceeding No. _____** |
| § | |
| **WEBB MCCANN SOWDEN, III AND,** § | |
| **MARINELL SOWDEN, AS TRUSTEES** § | |
| **OF THE WEBB AND MARINELL** § | |
| **SOWDEN IRREVOCABLE TRUST** § | |
| § | |
| Defendant. § | |

_____

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Credit Union Liquidity Services, LLC f/k/a Texans Commercial Capital, LLC ("CULS") and files this *Complaint for Declaratory Judgment* and respectfully states as follows:

**COMPLAINT FOR DECLARATORY JUDGMENT - Page 1**
85906316.1

# I.
# PARTIES

1. CULS is a Texas limited liability company with its principal place of business in Richardson, Dallas County, Texas.

2. Webb McCann Sowden III (the "Debtor") and Marinell Sowden ("Mrs. Sowden") are individual citizens of the State of Texas with their principal residence at 4515 Edmondson Avenue, Dallas, Dallas County, Texas 75205. The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code") on September 10, 2010 (the "Petition Date").

# II.
# JURISDICTION

3. This Court has original jurisdiction over this matter under 28 U.S.C. § 1334 and Federal Bankruptcy Rule 7001(1), (2), (7), and (9). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (M), and (O).

# III.
# VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

# IV.
# FACTUAL BACKGROUND

**A. CULS's judgment is valid and enforceable against the Debtor.**

5. On February 24, 2010, CULS obtained and now has a personal judgment against the Debtor in the total amount of $12,400,000.00 plus post judgment interest at the rate of .36% per annum on that amount from and after February 24, 2010 until paid (the "Judgment"). *See* Docket No. 276, Adversary No. 09-03133-SGJ. The Judgment is final, valid, and subsisting and is currently unsatisfied to the extent of approximately $12,400,000.00 plus accrued interest from

and after February 24, 2010. CULS's claim is therefore valid and enforceable against the Debtor.

**B.     The Debtor controls WMSIT's assets and uses them for his own benefit.**

6.     The Webb and Marinell Sowden Irrevocable Trust ("WMSIT") was formed on June 22, 2007 with a contribution of $5,000.00 from the Debtor's parents. On information and belief, the Debtor's parents made no further contributions to WMSIT. WMSIT was established pursuant to Texas law, and the trust document contains what purports to be "Spendthrift Provisions" in Article VI.A.

7.     The income listed in the Debtor's Schedule I, $40,000 per month, is derived largely, if not entirely, from the Debtor's interest in WMSIT.

8.     The Debtor and Mrs. Sowden were at the time of the trust's formation and remain the sole beneficiaries of WMSIT.

9.     The Debtor and Mrs. Sowden were at the time of the trust's formation and remain co-trustees of WMSIT. No other individual or entity exercises or retains power as trustee of WMSIT.

10.    With the exception of the initial $5,000.00 contribution, all funds comprising the corpus of WMSIT were contributed as a result of the Debtor's business dealings and at his direction. The Debtor directed and managed WMSIT's investment in various business dealings, and profits, including accounts receivable and proceeds from sale of WMSIT's investment interests, were, at the Debtor's direction, added to the principal of the trust.

11.    The Debtor's position as WMSIT trustee and beneficiary provides him authority at his own discretion to authorize distributions from the income and principal of WMSIT for his own benefit. The Debtor has consistently accessed the income and principal of WMSIT to

support his personal and business expenses. The Debtor exercises direct and near total dominion over WMSIT, without limit.

12. The Debtor has used his authority and discretion as WMSIT trustee and beneficiary to pay his personal lifestyle expenses -- far exceeding that necessary for health, support, maintenance and education -- from the income and principal of WMSIT. His personal expenses paid regularly from WMSIT include a mortgage on his home, mortgages and dues for multiple condominiums, a mortgage on a lake house, multiple auto loans, utilities, cable, and other expenses the Debtor drew on to support an extravagant lifestyle. In addition, WMSIT regularly paid overhead expenses for business enterprises in which WMSIT invested at the Debtor's direction.

13. The Debtor's position as WMSIT trustee and beneficiary provides him authority at his own discretion to borrow from or against WMSIT's income and principal and to alienate or substitute any WMSIT asset for his own benefit. On information and belief, the Debtor has, and has exercised, the discretion to borrow from WMSIT for his personal benefit and to later cause WMSIT to treat that loan as a distribution.

## V.
## COMPLAINT FOR DECLARATORY JUDGMENT

14. CULS moves the Court for a declaration that the principal of WMSIT, together with the income derived from it, are properly included in the Debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code and that the purported "Spendthrift Provisions" do not remove WMSIT from the bankruptcy estate pursuant to Section 541 of the Bankruptcy Code or applicable Texas law. For the reasons set forth below, alleged either together or in the alternative, WMSIT must be included in the Debtor's bankruptcy estate and made available for the satisfaction of CULS's valid and enforceable judgment:

A. **WMSIT does not shield assets from the Debtor's bankruptcy estate because it is invalid as a self-settled trust.**

15. CULS incorporates the allegations set forth in paragraphs 1 through 14.

16. WMSIT is invalid as a largely self-settled trust. Though nominally settled by the Debtor's parents with a contribution of $5,000, the vast majority of the assets owned, controlled, and distributed by WMSIT were contributed to the trust by the Debtor.

17. Texas law does not permit a debtor to escape the claims of his creditors by placing assets under his control in a spendthrift trust for his own benefit.

18. Because self-settled trusts are invalid under applicable Texas law, WMSIT may not be excluded from the Debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

19. Additionally, WMSIT is invalid because it is controlled by the Debtor for his own benefit. The Debtor's authority to borrow from or cause distributions to be made from WMSIT for his own benefit is limited only by his own discretion.

20. Texas law does not permit a debtor to retain such excessive control over assets for his own benefit while shielding them from his creditors under the guise of a spendthrift trust.

21. Because the Debtor's control over trust assets renders WMSIT invalid under Texas law, WMSIT may not be excluded from the Debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

B. **WMSIT does not shield assets from the Debtor's bankruptcy estate because it is invalid due to the Debtor's exercise of control over trust assets for his own benefit.**

22. CULS incorporates the allegations set forth in paragraphs 1 through 21.

23. Additionally, WMSIT is invalid because it is controlled by the Debtor for his own benefit. The Debtor's authority to borrow from or cause distributions to be made from WMSIT for his own benefit is limited only by his own discretion. The Debtor maintained control over

WMSIT and used its assets as he saw fit, including for his personal and business expenses.

24. Texas law does not permit a debtor to retain such excessive control over assets for his own benefit while shielding them from his creditors under the guise of a spendthrift trust.

25. Because the Debtor's control over trust assets renders WMSIT invalid under Texas law, WMSIT may not be excluded from the Debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

**C. The spendthrift provisions are ineffective as to the Debtor and cannot shield assets from the Debtor's bankruptcy estate.**

26. CULS incorporates the allegations set forth in paragraphs 1 through 25.

27. To the extent that WMSIT is a valid trust, the "Spendthrift Provisions" and other purported restraints on alienation are ineffective as to the Debtor because those provisions do not operate, and have never operated, as a restraint on the Debtor's authority to distribute or alienate trust assets for his own benefit.

28. In addition to the direct control the Debtor has over WMSIT, he has exercised de facto control over WMSIT sufficient to bring WMSIT's assets within the Debtor's bankruptcy estate.

29. Because the "Spendthrift Provisions" and other purported restraints on alienation are not effective as to the Debtor under Texas law, WMSIT may not be excluded from the Debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

# VI.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, CULS respectfully requests that the Court:

A. Enter an order declaring that the corpus and income from WMSIT are not excluded from the property of the Debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code,

B. Enter an order declaring that the corpus and income from WMSIT are properly included in the Debtor's bankruptcy estate, and

C. Grant CULS all further relief to which it may be entitled.

Dated: February 22, 2011.                     Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

*/s/ John N. Schwartz*
Toby L. Gerber
State Bar No. 07813700
Theodore W. Daniel
State Bar No. 05362400
John N. Schwartz
State Bar No. 00797397

2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

ATTORNEYS FOR PLAINTIFF CREDIT UNION LIQUIDITY SERVICES, LLC F/K/A TEXANS COMMERCIAL CAPITAL, LLC